UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARNELL JERMAINE TAYLOR,<br><br>         Plaintiff,<br>   v.<br><br>NO DEFENDANT LISTED,<br><br>         Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-08037 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Carnell Jermaine Taylor, Plaintiff Pro Se
212 Branch Village
Camden, NJ 08104

**SIMANDLE, Chief District Judge:**

   1.   Plaintiff Carnell Jermaine Taylor presumably[1] seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983. Complaint, Docket Entry 1.

   2.   Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C.

---

[1] As discussed below, Plaintiff's complaint is lacking in content.

§ 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons set forth below, the Court will dismiss the complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4. To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5. Plaintiff presumably brings this action pursuant to 42 U.S.C. § 1983[2] for alleged violations of Plaintiff's

---

[2] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

constitutional rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

6.   Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[3] To say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id*. at 50.

---

injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.
[3] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

      7.    Plaintiff has not named a defendant in the complaint. The Complaint therefore must be dismissed.

      8.    Plaintiff may be able to amend the complaint to name a person or persons who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

      9.    Plaintiff is advised that the amended complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. The majority of the complaint is blank. Plaintiff states that the events giving rise to his claims occurred at the Camden County Jail, but the remainder of the fact section of the complaint is blank. Complaint § III. In Section IV, "Injuries," Plaintiff states: "I was climbing off of the top bunk in seven day. I slipped and landed on the metal table on my side breaking a rib and bruising 1 or 2 others. The medical staff did a physical examination. The medical diagnosis was bruised ribs. I was released Dec. 11th 2015 and was later told by Cooper Emergency Physician that my rib was indeed broken and 1 or 2 badly bruised." Even accepting these statements as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

10.  Because Plaintiff is proceeding *pro se*, the complaint must be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even liberally construing Plaintiff's allegations, the complaint does not set forth a *prima facie* case under § 1983. Plaintiff's statement that he fell while climbing out of a bunk does not allege or imply that any other person may be liable or responsible for his fall. Moreover, it does not appear that Plaintiff seeks to set forth a claim for denial of medical care because he alleges that he was examined and diagnosed by the medical staff.[4] In sum, Plaintiff has not set forth facts to demonstrate that a person acting under color of state law deprived him of a federal right.

11.  As Plaintiff may be able to amend his complaint to address the deficiencies noted by the Court, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

---

[4] In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle*, 429 U.S. at 106; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). Plaintiff's allegations do not demonstrate deliberate indifference. Taken a step further, even if Plaintiff intends to seek relief because the medical staff diagnosed his ribs as bruised when he in fact had one broken rib, such a claim would sound, if at all, as medical malpractice, which is a state law tort claim that is not actionable under § 1983. *Estelle*, 429 U.S. at 106.

12. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself.[5] *Id.*

13. For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

14. An appropriate order follows.


**March 31, 2017**          s/ Jerome B. Simandle
Date                        JEROME B. SIMANDLE
                            Chief U.S. District Judge

---

[5] The amended complaint shall be subject to screening prior to service.

6